Alexander v. Wolley.

---

ELIZA A. ALEXANDER ET AL.

v.

FRANCIS M. WOLLEY ET AL.

PRACTICE—SPECIAL MASTER.—In appointing a special master to execute a decree, the Court should designate who said master should be ; otherwise it will not appear that any one can exercise the power.

APPEAL from the Circuit Court of Whiteside county; the Hon. WILLIAM BROWN, Judge, presiding. Opinion filed July 23, 1879.

Messrs. BENNETT & GREEN and Mr. J. E. McPHERRAN, for appellants; that the defense of usury can be set up by the heir of a grantee of the mortgagor, cited Green v. Kemp, 13 Mass. 515; Post v. Dart, 8 Paige Ch. 639; Dix v. Van Wyk, 2 Hill, 522; Jackson v. Dominick, 14 Johns, 435; DeWolf v. Johnson, 10 Wheat. 367; Lloyd v. Scott, 4 Pet. 205; Ord on usury, 131; Mer. Ex. Bank v. Warehouse Co. 49 N. Y. 642; Henderson v. Bellew, 45 Ill. 322; Valentine v. Fish, 45 Ill. 462; Pike v. Crist, 62 Ill. 461; Newman v. Kershaw, 10 Wis. 275; Maher v. Laufrom, 86 Ill. 513; 1 Jones on Mortgages, § 644.

A debtor may direct the application of payments to either of two debts : Willard's Eq. 100; Patterson v. Hull, 9 Cow. 773; Pothier on Obligations, Ch. 7.

If a sum is intended and received at the time to apply on a debt, either in partial or total satisfaction thereof, it has that effect, and no subsequent change of intention of the debtor can retract it: Willard's Eq. 97; Prescott v. King, 6 N. Y. 162; Marvin v. Benedict, 5 Cow. 671; Miller v. Montgomery, 31 Ill. 350.

The money was directed and intended to be paid on the mortgage in suit, and the heirs of the mortgagor have a right to insist that it shall be so applied: 1 Jones on mortgages, § 746; Williams v. Thurlow, 31 Me. 392; Hartley v. Tatham, 1 Keyes, 222.

Where mortgaged premises are sold in parcels, a foreclosure affects the parcels in the inverse order of their sale: Iglehart v. Crane, 42 Ill. 261; Lock v. Fulford, 52 Ill. 166; Niles v. Harmon, 8 Chicago Legal News, Sept. 16, 1879.

A deed not delivered and accepted, though recorded, passes no estate: Wiggins v. Lusk, 12 Ill. 132; Hulick v. Scovill, 4 Gilm. 159; Demesney v. Gravelin, 56 Ill. 93; Stanley v. Valentine, 79 Ill. 544.

The presumption is, that deeds are filed for record in the order in which they are received by the recorder: Brookfield v. Goodrich, 32 Ill. 363.

An agreement for interest on interest that had accrued on a mortgage, cannot be enforced: 1 Jones on mortgages, § 650; Leonard v. Villars, 23 Ill. 380; Barker v. International Bank, 80 Ill. 96.

It is also varying a contract under seal by parol, which will not be permitted: Chapman v. McGrew, 20 Ill. 101; Hume v. Taylor, 63 Ill. 43; Barnett v. Barnes, 73 Ill. 216; Loach v. Farnam, Western Jur. June, 1879, p. 92.

As against subsequent incumbrances no new terms can be inserted in the mortgage: 1 Jones on mortgages, § 569; Gardner v. Emerson, 40 Ill. 296.

A decree *in personam* was incorrect; none of the defendants were liable personally: O'Brian v. Fry, 82 Ill. 274; Snell v. Stanley, 58 Ill. 31.

Messrs. C. J. & C. C. JOHNSON, for appellees; that usury

Alexander v. Wolley.

cannot be set up as a defense by a purchaser, cited Henenderson v. Billow, 45 Ill. 322; Valentine v. Fish, 45 Ill. 462; Pike v. Crist, 62 Ill. 461; Maher v. Langford, 86 Ill. 513; Shufelt v. Shufelt, 9 Paige, 145; Morris v. Floyd, 5 Barb. 133.

Usury can only be pleaded by the mortgagor : 3 Washburn on real property, 395; Rawle on Covenants, 348; Whitney v. Dinsmore, 6 Cush. 124.

Where a deed is delivered to take effect upon the happening of certain contingencies, when they have been performed, the deed takes effect from the time it was delivered : Ruggles v. Lawson, 13 Johns. 285; Sherley v. Ayres, 14 Ohio, 307; Wheelright v. Wheelright, 2 Mass. 447; Hatch v. Hatch, 9 Mass. 407; Price v. P. Ft. W. & C. R. R. Co. 34 Ill. 13.

PILLSBURY, P. J.    The court below computed interest at ten per cent. upon the amount paid by the testator of the appellees, for the note and mortgage, and from this method finds there was due the sum of $2981.

In this we are of the opinion the court erred.   The land was charged with the payment of the mortgage debt, and the decree should have been for that amount only.

The court charged of the amount so found due, the sum of $594 upon the fifty-four acre tract, and the sum of $2387 upon the land owned by appellant.

There is no error in this action of the court of which appellant can complain; and the appellees having assigned no cross errors upon the record, we cannot pass upon the question whether her land should be held for the payment of more of the mortgage debt than the court decreed to be a lien upon it. From the evidence in the record, however, the court was justified in finding that the deeds to the respective tracts charged by the decree,. were delivered at the same time.

The court should in the decree appointing a Special Master to execute it, have designated who said Master should be; otherwise it does not appear that any one can exercise the power.

We discover no other reasons under the assignment of errors for reversing the decree.

The decree will be reversed and cause remanded.

                                        Decree reversed.